THE STATE ex rel. JOHN H. FAUST v. CECIL W. THOMAS, Mayor, and MEMBERS OF COUNCIL OF CITY OF JEFFERSON.

In Banc, March 4, 1926.

1. **VOTERS: Registration in Cities: Constitutional.** The amendment to the Constitution adopted at the special election held on February 26, 1924 (Sec. 5, Amendment 9), declaring that "the General Assembly shall provide by law for the registration of voters in counties having a population of more than one hundred thousand and in cities having a population of more than ten thousand, but not otherwise," is salutary in purpose, and as it carries with it an express sanction of the people something more than the usual tests applied to ordinary legislative enactments is authorized in considering the validity of a statute enacted in pursuance to its mandatory character.

2. ————: ————: **Mandamus: Private Citizen as Relator.** Mandamus, instituted by a citizen and qualified voter, is an appropriate remedy to compel the officers of a city having more than ten thousand inhabitants, to fix a day for the registration of voters therein, where they refuse to act and the statute requires a registration of voters in all such cities.

3. **STATUTE: Title: Numerical Reference to Section.** The constitutional provision relating to titles to legislative acts (Sec. 28, art. 4) should be so wisely and liberally construed as not to defeat salutary enactments, and the title will not be held to violate it unless it fails clearly to indicate the legislative will. A numerical reference to the section sought to be amended, without a statement of

State ex rel. Faust v. Thomas.

the subject-matter of the amendatory act, is a sufficient title to an act which deals exclusively with the subject of the section amended, although the title recites the substance of the section to be amended and says the amendment relates to the same subject-matter.

4. ————: **Special and Local: Registration of Voters.** Section 5089, Revised Statutes 1919, requiring the registration of voters in all cities having a population of twenty-five thousand or more is a general law, prescribing a classification according to population; and an amendment of said section, in obedience to the constitutional amendment of 1924, requiring a registration of voters in all cities having more than ten thousand inhabitants, is likewise and for the same reason a general law, and is not violative: of (a) Subdivision 2 of Section 53 of Article IV of the Constitution, prohibiting the Legislature from enacting a local or special law regulating the affairs of counties, cities, townships, wards or school districts; or (b) of Subdivision 15, containing a like limitation upon legislative power in creating offices and prescribing the powers and duties of officers in counties, cities, townships or election districts; or (c) of Subdivision 33, declaring that the General Assembly shall not indirectly enact a special or local law by the partial repeal of a general law. Moreover, the adoption by the people of said constitutional amendment, authorizing in express terms a registration of voters in all cities having a population of more than ten thousand, removed all technical objections to said old Section 5089 as being a local or special law.

5. ————: **Amendment of Section: Failure to Conform other Sections of Article.** Where the statute repealed old Section 5089, and re-enacted it so as to require the registration of voters in all cities containing more than ten thousand inhabitants, instead of in all cities containing twenty-five thousand, and further stated that such "registration shall be had under the provisions of this article," the fact that the Legislature failed to change the other sections of the article so as to make their prescriptions conform specifically to the diminution in the minimum population of cities within the purview of the amended section, may indicate careless legislation, but it does not invalidate the act; especially should such be the ruling, where no difficulty need be encountered in harmonizing the provisions of the amendatory act with those of the other sections of the article.

Constitutional Law, 12 C. J., Section 99, p. 727, n. 26 New; Section 219, p. 787, n. 83, 84. Mandamus, 38 C. J., Section 16, p. 547, n. 86; Section 317, p. 721, n. 65 New; Section 550, p. 844, n. 56. Statutes, 36 Cyc., p. 968, n. 89; p. 969, n. 91; p. 1005, n. 33; p. 1018, n. 79; p. 1039, n. 76.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*D. W. Peters* for relator.

(1)   The title to the Act of 1925 is clearly within the constitutional regulation.   A careful comparison of the title to the amended section, with the section itself, and the original section, shows that it is neither ambiguous, uncertain, nor does it make reference to any other subject-matter.   (2)   Said act is neither a local nor special law and does not attempt to divide a natural class, and the question of its conflict with paragraphs 2, 12, 15 and 33 of Section 53 of Article IV of the Constitution is clearly determined by Section 5 of Amendment 9 to the Constitution of Missouri adopted at a special election held February 26, 1924.   If there was any reasonable ground for contention as to the provisions of Article IV of the Constitution of Missouri, cited by the respondents, it is very evident from a reading of the amendment adopted in 1924, that such limitations upon the power of the General Assembly have been removed.   (3)   The manifest intent of the Legislature was to comply with the provisions of Article 5 of Amendment 9 to the Constitution, and provide registration for all cities in this State having a population of more than 10,000 and less than 100,000.   The fact that all subsequent sections were not amended by said act so as to strike out the words and figures 25,000 and insert in lieu thereof the words and figures 10,000, does not serve to prevent the construction that the legislative intent was to provide registration under the provisions of that article in all cities having a population of more than 10,000 and less than 100,000.   The proper rule of statutory construction is to ascertain the intent of the Legislature and give effect to such intent if possible. Strottman v. Railroad, 211 Mo. 251; Hawkins v. Smith, 4 Mo. 688; Spicer v. Spicer, 249 Mo. 582.

*James T. Blair, Jr.* for respondents.

(1)   One who seeks the aid of the writ of mandamus must show himself clearly entitled thereto by alleging and proving a clear and specific right to the thing claimed. State ex rel. Porter v. Hudson, 226 Mo. 239; State ex rel. Kern v. Stone, 269 Mo. 334; State ex rel. Holman v. Dickey, 280 Mo. 536; State ex rel. Lyons v. Bank, 174 Mo. App. 589; State ex rel. Brewery Co. v. Railroad, 194 Mo. App. 668.   (2)   The amended article is inapplicable, for failure to amend Secs. 5090 to 5114, inclusive, by striking out the words "twenty-five thousand," and for failure to insert the words "ten thousand" in lieu thereof.   (3)   The alternative writ commands the city council to do a thing which only the county court has power to do, to-wit:   "Appoint days and fix places of registration."   Sec. 5095, R. S. 1919, is the only section which purports to confer power upon anyone to "appoint day of registration."   (4)   Sec. 5092, R. S. 1919, is the only section which provides for the appointment of registrars.   This section is expressly limited to "all cities of this State which now contain, or may hereafter contain 25,000 inhabitants and less than 100,000 inhabitants." Jefferson City is not within such a classification.   (5) The Act of 1925 cannot stand because it is a local or special law, and violates the express provisions of subsections 2, 12, 15 and 33 of Section 53 of Article IV of the Constitution.   (6)   There is no statute or law which authorizes the city council to expend city moneys for any election held under the provisions of Art. XV, Chap. 30, R. S. 1919.   (7)   Section 5089 is unconstitutional, because the title is defective, in that it violates the express provisions of Section 28 of Article IV of the Constitution. State ex rel. v. Edwards, 241 S. W. 945; State v. Sloan, 258 Mo. 313; State ex rel. v. Hackmann, 237 S. W. 742.

WALKER, J.—This case is submitted without oral argument by agreement of the parties hereto.

It is an original proceeding in mandamus to compel the respondents in their official capacities to fix a day for the registration of voters in the city of Jefferson.

The statute upon which the relator bases his right of action is as follows:

"Sec. 5089. There shall be a registration of all the qualified voters in cities of this State, now or hereafter having a population of ten thousand inhabitants and less than one hundred thousand inhabitants, except in cities in counties which now have or hereafter may have one hundred thousand inhabitants or more and registration is provided for by law, whether organized under general law or special charter, which registration shall be had under the provisions of this article; and the population of cities within this State containing such population shall for the purposes of this article be ascertained from and determined by the last decennial census taken by the Federal Government."

This statute, approved May 2, 1925, was enacted by the Fifty-third General Assembly (Laws 1925, p. 203), under the constitutional mandate in Section 5 of Amendment No. 9 of the State Constitution, recommended by the Constitutional Convention of 1922-23 and adopted by the people at the Special Election held February 26, 1924. It is as follows:

"Section 5. The General Assembly shall provide by law for the registration of voters in counties having a population of more than one hundred thousand and in cities having a population of more than ten thousand, but not otherwise. The first General Assembly held after the adoption of this Constitution shall pass laws necessary to enforce this provision, and for such purpose may classify such counties and cities according to population, but such laws shall be uniform as to each class."

I.   The meaning of this section, like that of any other law, is to be measured by the recognized rules of construction. In determining its character and purpose, how-

State ex rel. Faust v. Thomas.

ever, something more than the usual tests applied to ordinary expressions of the legislative will is authorized. Its enactment embodies more than an expression of the legislative will, in that it carries with it the express sanction of the people themselves, as definitely declared in the constitutional amendment. The character of the section is mandatory; the purpose of its enactment was salutary. The crying need in the exercise of the right of suffrage is regulation; this right free from restrictive limitations is a menace to the perpetuity of free government. An event in our own national history signally demonstrates this truth. The adoption of the Fifteenth Amendment to the Federal Constitution has been the source of more plagues to the body politic than the legends tell us were visited upon Pharaoh by the God of Israel.

*Interpretation.*

This section and the article in which it is incorporated, while not attempting to discriminate between voters as to their other qualifications, in prescribing that they shall register before voting, necessarily limits the right to permanent residents the majority of whom will be of good repute. Possessed of this helpful feature the validity of the section should be upheld if in its enactment the Constitution and the rules of construction have not been violated.

II. We fail to find merit in the contention that mandamus is not an appropriate remedy in this proceeding. It is true the granting of the writ is addressed to the discretion of the court; but where an official duty is prescribed by law and those charged with its performance refuse to act, mandamus is the proper remedy and a court's discretion is not abused in granting it.

*Mandamus.*

There is no ground for cavil concerning the right of the relator to this writ. He is a citizen and a qualified voter of Jefferson City. As such he is interested in the enforcement of the law and as a consequence in the wel-

fare of the community. Possessing this right and interest he is entitled, if officials, from whatever cause, are not performing their duties, to ask the court to require them to do so. We therefore hold that, in a case of this character, mandamus is the appropriate remedy, and that the relator is a proper party as petitioner therefor.

III. It is contended that the title to the section does not conform to the requirements of the Constitution which provides that "no bill shall contain more than one subject which shall be clearly expressed in its title." [Sec. 28, Art. IV, Const. Mo.]

Title.

The title to which this objection is made is as follows:

"An act to repeal Section 5089 of Article 15 of Chapter 30 of the Revised Statutes of Missouri, 1919, relating to registration in cities with 25,000 and less than 100,000 inhabitants, and enacting in lieu thereof a new section relating to the same subject-matter, to be known as Section 5089."

We have often held that the foregoing constitutional provision in regard to titles of legislative enactments should be wisely and liberally construed so as to not thwart the efficiency of salutary legislation. The nature of the constitutional provision being thus understood, unless the title to the act fails to clearly indicate the legislative will, it has met with our approval. [Cocoa Cola Bottling Co. v. Mosby, 289 Mo. l. c. 472 and cases; Booth v. Scott, 205 S. W. (Mo.) 633.] With this end in view we have frequently held that a numerical reference to the section sought to be amended without a statement of the subject-matter of the amendatory act is a sufficient title to an act which deals exclusively with the subject of the section to be amended. [State v. Mullinix, 301 Mo. l. c. 390 and cases.] We therefore hold the title to be sufficient.

IV. It is further contended that the act is local or special in that it conflicts with the inhibitory provisions of subdivisions 2, 15 and 33, Section 53, Article IV of the State Constitution.

Special Law.

Subdivision 2 prescribes that the Legislature shall pass no local or special law regulating the affairs of counties, cities, townships, wards or school districts.

Subdivision 15 contains a like limitation upon legislative power in regard to the creation of offices, and the prescribing of the powers and duties of officers in counties, cities, townships or election districts.

Subdivision 33 declares that the General Assembly shall not indirectly enact a special or local law by the partial repeal of a general law.

Article XV of Chapter 30, Revised Statutes 1919, of which the section under review is amendatory, is not a special or local law. A classification according to population does not make a statute a special or local law. [State ex inf. Barker v. Southern, 265 Mo. 275.] This article rests upon a reasonable basis and not upon a mere arbitrary subdivision. Its limitations in regard to population are general and apply to all cities within the specified class. This classification, therefore, being reasonable and regular, does not violate either of the subdivisions referred to, and is a valid one. The amendatory section simply lessens the minimum population of the cities within the specified class, and the objections that may be made to it as a local or special law are answered by what has been said concerning the validity of the article in which it is incorporated. Moreover, the adoption by the people of the constitutional amendment (Sec. 5, Amdt. No. 9, supra), removed by implication any technical objection that may be made to the constitutional validity of Article XV, Chapter 30, supra, in authorizing in express terms the enactment of the amendment under consideration.

V. The failure of the Legislature to specify in each section of Article XV, Chapter 30, supra, succeeding the amendatory act, the diminution in the minimum popula-

**Conformation to Other Sections.** tion of cities within the purview of the act, may be characterized as careless legislation; but we are not inclined to hold that it will invalidate the statute. The object and purpose of the constitutional amendment and the legislative amendatory act, adopted in conformity with the requirements of the Constitution, have definitely in view the classification stated in these amendments. This is evident from the provision in the statutory amendment that the registration therein required, "shall be under the provisions of this article"—Art. XV, Chap. 30.

Section 5089, as amended, renders registration as therein prescribed obligatory. Other portions of the article are largely definitive of the procedure necessary to render the law operative.

Recognizing as we do the purpose of this provision no rule of construction is violated in holding that the procedure prescribed in these sections may be held applicable to all cities within the classification prescribed in the amendatory act. To hold otherwise would be to refuse to give our sanction to a clear legislative intent and thus render inoperative a salutary statute. The objections made, therefore, to the statute that it does not, in the sections succeeding the amendatory act, prescribe that they shall apply to cities of 10,000 and less than 100,000 is overruled.

VI. No difficulty need be encountered in harmonizing the provisions of the amendatory act with those of Article XV, Chapter 30. The administrative enforcement of the article in all of its requirements, as authorized before the amendment, except as to the minimum population, became applicable and operative after the enactment of the latter.

Finding no legal obstacles existing as to the enforcement of the article as amended the peremptory writ is awarded.

All concur, except *Otto, J.,* who concurs in the result, and *Graves, J.,* absent.