R. A. YOUNG v. COUNTY OF GREENE, Appellant.—119 S. W. (2d) 369.

Division Two, August 17, 1938.

1106

*Nat W. Benton* and *John F. Carr* for appellant.

*Mann, Mann & Miller, J. R. Schweitzer* and *James E. Ruffin* for respondent.

1108

COOLEY, C.—This action, instituted in the Circuit Court of Greene County, is to recover the balance of compensation claimed by plaintiff respondent to be due him from Greene County, defendant appellant, for services as judge of the county court and *ex officio* member of the Board of Equalization and Board of Appeals for the years 1931-1934 inclusive, as provided by Section 2092, Revised Statutes 1929 (Mo. Stat. Ann., p. 2664). Defendant filed a demurrer to plaintiff's petition, and also filed a counterclaim, alleging that plaintiff's compensation is determined by Section 2095, Revised Statutes 1929 (Mo. Stat. Ann., p. 2666), that he had been overpaid, and seeking recovery of the alleged overpayment. Plaintiff demurred to the counterclaim. The trial court overruled defendant's demurrer to plaintiff's petition and sustained plaintiff's demurrer to defendant's counterclaim. Defendant refused to plead further. The court heard evidence on plaintiff's petition and rendered judgment for plaintiff. The evidence is not abstracted. We have for review only the record proper. The appeal presents the question of the constitutionality of said Section 2092, and its applicability to Greene County.

At the general election in November, 1930, plaintiff was elected presiding judge of the county court for the four year term beginning

January 1st, 1931, and expiring December 31st, 1934. He qualified and served the full term. His petition alleges in effect that during the time involved the salaries of county judges were fixed according to population, determinable under Section 11808, Revised Statutes 1929 (Mo. Stat. Ann., p. 7025), by multiplying by five the highest number of votes cast at the last previous general election; that by said method of computation Greene County in 1931 and 1932 had a population of 117,060, entitling him, under said Section 2092, to a salary of $2500, which had been paid; that in 1933 and 1934, by said method of computation, the population was 161,595, making his salary $4500 per annum plus $5 per day for services on the Board of Equalization and Board of Appeals, which had not been fully paid. He sues for the difference. The petition sufficiently alleges plaintiff's election, qualification, etc., the amounts paid and claimed to be yet due, and the statutory provisions invoked.

Defendant's demurrer was upon the ground that said Section 2092 is unconstitutional and void because in violation of Section 28 of Article 4 of the State Constitution, which provides that ''No bill . . . shall contain more than one subject, which shall be clearly expressed in its title;'' and upon the further ground that Section 2092, if constitutional, does not apply to Greene County.

In disposing of the demurrers the learned circuit judge, Hon. Warren L. White, filed a ''memorandum opinion'' which, though not part of the record, is presented to us in respondent's brief. We take the liberty of quoting therefrom. After quoting Section 11808, Judge WHITE thus succinctly, and we think sufficiently, epitomized the history of the statutory provisions involved:

''In 1925 and prior thereto, the compensation of county judges was set at a per diem of $5.00 for each day the county court was in session, by Sec. 2588, R. S. 1919, which made no distinction between different counties. In 1925 an act was passed which is now Sec. 2095, R. S. 1929, which provided a salary of $1500.00 in lieu of the per diem in counties of 70,000-90,000 inhabitants as shown by the last decennial Federal census. . . . The population of Greene County as shown by the census (of which the court takes judicial notice), was in 1920 69,698 and in 1930 82,929, so that Greene County did not come into the class covered by Sec. 2095 until after the census of 1930. This Act of 1925 is an amendment of the article and chapter governing county courts, and in my opinion did have the effect of repealing Sec. 2588, R. S. 1919 (fixing the $5.00 per diem), in the counties of 70,000-90,000, per the last census, but not repealing Sec. 2588 as applied to other counties.

''In 1929 another act was passed to repeal Sec. 2588, R. S. 1919, and substituting a new Section 2588, providing a salary in lieu of the per diem, varying according to the population as follows: In counties of 60,000 to 90,000 $2,500.00, in counties of 90,000 to 150,000

$3,000.00, in counties of 150,000 to 300,000 $4,500.00, etc. This act does not mention the census, but leaves the question of population to be determined under Sec. 11808. The county attacks this act as unconstitutional, which will be discussed later.

"This Act of 1929 repeals Sec. 2588 outright and fixes the salaries of County Judges in every county of the State. It makes no mention of the Act of 1925, but as it covers the same subject matter and is inconsistent with it, it must be held to repeal the 1925 Act by implication, if the 1929 Act is a valid enactment, which brings us to this single question: Was the Act of 1929 a valid law? If it was the plaintiff was underpaid. If it was not, then in the year 1930 (after the census) Greene County passed into the 70,000 to 90,000 class and the Act of 1925 governs and the plaintiff was overpaid."

The Act of 1929 above referred to is found in Laws of 1929, page 151 and appears as Section 2092 in the Revised Statutes of 1929.

As early as the case of City of St. Louis v. Tiefel, 42 Mo. 578, 590, this court, in pointing out the reasons for the adoption of Section 28, Article 4 of the Constitution said that it was not designed to be unnecessarily restrictive in its operation nor to embarrass legislation by compelling a needless multiplication of separate bills; that its purpose was to prevent the conjoining in the same act of incongruous matters and of subjects having no legitimate connection or relation to each other. The same thought has been expressed by this court many times since. For example, in Asel v. City of Jefferson, 287 Mo. 195, 204, 229 S. W. 1046, thus:

" 'The evident object of the provision of the organic law relative to the title of an act was to have the title like a guide board, indicate the general contents of the bill, and contain but one general subject which might be expressed in a few or a greater number of words. If those words only constitute one general subject; if they do not mislead as to what the bill contains; if they are not designed as a cover to vicious and incongruous legislation, then the title can stand on its own merits, is an honest title and does not impinge on constitutional prohibitions.' Furthermore, so long as the title does not cover legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection, it is not subject to objection for generality."

Said constitutional provision is to be reasonably and liberally construed and applied, due regard being had to its purpose. [Asel v. City of Jefferson, supra; State v. Brodnax and Essex, 228 Mo. 25, 55, 128 S. W. 177; State v. Doerring, 194 Mo. 398, 92 S. W. 489.] In Ex parte Hutchens, 296 Mo. 331, 336, 246 S. W. 186, 188, it is said: "A liberal construction of the constitutional provision (Sec. 28, Art. 4) is authorized; regard being had to the purpose of the provision, which is to prevent members of the General Assembly from being misled as to the character of the legislation. Acting under the rule

thus construed, we have held that amendments to sections of the Revised Statutes may be made by acts whose titles refer only to those sections by numbers.'' (Citing cases.)

In State v. Mullinix, 301 Mo. 385, 390, 257 S. W. 121, 123, we read:

''The generality of a title will not affect its validity where it does not tend to cover up or obscure legislation which is in itself incongruous. A requisite to congruity is that the amendatory act shall pertain to and admit of being made a consistent part of the law to be amended. The disposition of the courts has always been to avoid thwarting the efficiency or evident salutary effect of legislative action by a liberal interpretation of the constitutional provision. [Burge v. Railroad, 244 Mo. 76, 148 S. W. 925; Booth v. Scott, 276 Mo. 1, 205 S. W. 633.]

''With this end in view, it has frequently been held that a numerical reference, as in the case at bar, to the section sought to be amended, without a statement of the subject matter of the amendatory act, is a sufficient title to an act which deals exclusively with the subject of the section to be amended.''

[See, also, State ex rel. Harmony Drainage District v. Hackmann, 305 Mo. 685, 701, 267 S. W. 608, 611; State ex rel. Dickason v. County Court, 128 Mo. 427, 440, 441, 30 S. W. 103, 31 S. W. 23.]

█ With these principles in mind we approve and adopt the reasoning and conclusion expressed by Judge WHITE in his memorandum opinion in ruling on the demurrers, as follows:

''The Prosecuting Attorney attacks the Act of 1929 on two grounds: (1) That the act contains more than one subject, and (2) the subject matter of the act is not clearly expressed in the title, and hence does not conform to Sec. 28, Art. 4 of the Constitution of Missouri, which provides: 'No bill shall contain more than one subject, which shall be clearly expressed in its title.'

''1. Does the Act of 1929 contain more than one subject? It first repeals Sec. 2588, then sets out a new Sec. 2588 to be enacted. The new section covers more than a page and has several clauses relating to counties of different population of which I will here quote only one, to-wit: 'In all counties of this State now or hereafter having 150,000 inhabitants and less than 300,000 inhabitants the Judge of the County Court shall receive an annual salary of $4500.00. Said salary shall be in lieu of the per diem heretofore allowed by law to said judges as judges of the County Court, and in lieu of the salary heretofore allowed by law to said judges as members of the board of road overseers, under the provisions of Sec. 10684, R. S. 1919, and in lieu of other fees, compensation or salaries heretofore allowed by law to said judges except the per diem allowed to said judges as members of the board of equalization and board of appeals.' Other clauses couched in language almost identical relate to counties of 60,000 to 90,000, 90,000 to 150,000 and counties of more than 300,000. Then

one clause provides the salaries shall be paid in equal monthly install-ments. Another clause provides that in counties of less than 60,000 the judges shall receive a per diem of $5.00 for each day necessarily engaged in holding court. The final clause provides that the judges shall also receive mileage of five cents per mile traveled in going to the place of holding court, but such mileage shall be allowed for only one trip for each term of court.

"Sec. 10684 provides that the judges of the County Court in certain counties shall also serve as road overseers, and for the additional serv-ices shall receive a salary of $1200.00 in addition to their per diem. The Act of 1929 makes no change in that section and does not enlarge or diminish the powers or duties of the judges to act as road over-seers nor affect them at all, except to provide that the new salary shall be in lieu of the former salary and per diem.

"It is my opinion that every clause and provision of the act re-lates to the compensation allowed to County Judges and that there is nothing in the act that is foreign to that one subject. While the act does refer to various items of compensation theretofore allowed and makes the salary a substitute for some of them, yet the fees, per diem, salaries, etc., referred to were parts of the compensation then being received by such judges, allowed by the Legislature in various acts, and for various services, and the effect and purpose of the act was to provide a flat salary as a substitute for all the miscellaneous emolu-ments of the office except for services on the Board of Equalization. In my opinion every provision of the Act of 1929 was germane to the one subject, viz.: The compensation allowed to County Judges.

■ "2. Is the subject matter of the act expressed in the title, which reads:

" 'An Act to repeal Sec. 2588, Art. 6, Chap. 21, R. S. 1919, and to enact a new Sec. 2588 in lieu thereof.'

"There is nothing in the title to suggest the subject matter except the reference to the section. This reference is correct as to the sec-tion and chapter, but incorrect as to the article. Sec. 2588, R. S. 1919, appears in Art. 5 of Chap. 21, and there is no Sec. 2588 in Art. 6. The Supreme Court has held that a reference in the title to a section to be repealed or amended is a sufficient expression of of the subject matter if the act relates only to the subject covered in the designated section. In this case the section designated (2588) relates only to the compensation allowed to County Judges and so does the 1929 act. (See preceding paragraphs.) Then is the ref-erence in the title to Sec. 2588, Art. 6, Chap. 21, instead of to Sec. 2588, Art. 5, Chap. 21, misleading? The sections of the statutes (R. S. 1919) run consecutively from 1 to 13,890 and are grouped into chapters and articles so as to bring together those sections relating to the same matter. Chapter 1 contains Secs. 1-589. Chapter 21 is divided into ten articles, of which Art. 1 contains Secs. 2321-2376,

Art. 2 contains Secs. 2377-2434, Art. 3 contains Secs. 2435-2540, Art. 4 contains Secs. 2541-2567, Art. 5 contains Secs. 2568-2590 and Art. 6 contains Secs. 2591-2613, etc. There is only one Section 2588 in the entire statutory code and it appears in Art. 5, Chap. 21. Then if one is apprised by the title that the act is to amend Sec. 2588 of Art. 6, Chap. 21, would he be misled by the insertion of 'Art. 6' instead of 'Art. 5'? If there were no reference to the article and chapter at all, but the title merely read 'An Act to repeal Sec. 2588, R. S. 1919 and enact a new section in lieu thereof' then under the decisions of the Supreme Court, the title would undoubtedly be a sufficient expression of the subject matter of the act. Since there is no Sec. 2588 in Art. 6 nor any Sec. 2588 anywhere except that found in Art. 5, Chap. 21, and it relates to the same matter as the 1929 act, viz.: The compensation allowed to county judges, it is my opinion that the title of the act in question does indicate the subject matter of the act with sufficient clarity so that no one would be misled.

"The Courts have always observed a rule of construing the Constitution so as to give effect to the will and intention of the Legislature, where it does not clearly appear that a given act is a violation of some part of the Constitution. To hold that the reference in the title of the act to Sec. 2588, Art. 6, instead of Sec. 2588, Art. 5, is misleading would be hypertechnical and would amount to an assumption that a person of average intelligence, looking through the statutes (the sections of which run in numerical sequence) would be unable to find Sec. 2588 because of the misdirection to Art. 6 instead of Art. 5. I do not find that the Courts have ever held that the will of the representative assembly should be defeated on grounds so technical.

"The defendant relies on the case of Southard v. Short, 8 S. W. (2d) 903, (320 Mo. 932), as authority for holding the title of this act insufficient. In that case the title of the act in question was 'An Act to repeal Secs. 311, 312 and 314 of Art. 15, Chap. 1, entitled Descents and Distributions, and enact four new sections in lieu thereof, etc.' There was an error in the numerical reference in that Secs. 311, 312 and 314 were found in Art. 14 instead of Art. 15. One of the new sections provided for a suit against a living father to determine the paternity of a child. That section was held to be unconstitutional as not germane to the subject matter as expressed in the title, not merely because of the error in the reference to Art. 15 instead of Art. 14, but because the matter of establishing paternity is entirely foreign to descents and distributions of estates of the dead. The Court does not say that the error in the article number alone would invalidate the act, if its provisions had been confined to the subject indicated in the title.

"Wherefore it results that in my opinion the Act of 1929 was a valid enactment and it repealed, by implication, the Act of 1925, now Sec. 2095."

In addition to Southard v. Short, supra, appellant in its brief here cites State ex rel. United Railways Co. v. Wiethaupt (en banc), 231 Mo. 449, 133 S. W. 329, in support of its contention that where an amendment is made by numerical reference only to the statute to be amended the numerical reference must be exact. In that case the title of the amendatory act was "an act to amend Article 1 of Chapter 107 of the Revised Statutes of Missouri, 1899, entitled 'Ferries.'" Chapter 107 did not relate to ferries and was not so entitled. The chapter entitled "Ferries" was Chapter 106 and it had no Article 1. In discussing said variance the court said (231 Mo. 1. c. 460, 133 S. W. 332):

"From what we have already said as to the evil against which the Constitution in this clause aimed to guard, before we condemn an act of the General Assembly on account of a variance between the subject as it is stated in the title and the subject as it is stated in the body of the act, we ought to be satisfied that the variance is to a material extent misleading and deceptive. Although in this case there is a clear variance between the statement in the title in reference to the number of the chapter and the correct number of the chapter indicated by the title 'Ferries,' yet we do not think that that variance is so serious or of such a character as to justify condemnation of the act on that account alone. If only the number of the chapter had been given, without mention of its title, the variance might have been serious, but mention of the title is more apt to bring the subject to the mind of persons interested than the mention of the number."

After some further discussion the court concluded its consideration of that point thus:

"We do not mean to say that a misstatement of the number of a chapter in the title of an act could not under any circumstances be so misleading as to render it obnoxious to the Constitution, but what we are saying now is in reference to this act wherein the chapter proposed to be amended is referred to as Chapter 107 entitled 'Ferries,' whereas the number of the chapter entitled 'Ferries' in the Revised Statutes of 1899 is 106."

In said case of State ex rel. v. Wiethaupt (as in the Southard case), the amendatory act was held invalid, not on the ground that the erroneous numerical reference to the act sought to be amended was misleading or deceptive but on the ground that the subject matter of the amendatory act was not germane to that of the statute sought to be amended. We do not regard it as authority for appellant's contention in the circumstances of the instant case.

■ Appellant in its brief here advances the contention that the Act of 1929 "contains more than one subject" because it not only fixes the compensation of judges of the county court "but also attempts to abolish Section 10684, Revised Statutes 1919, which provides for compensation of members of the Board of Road Overseers." It

does not attempt or purport to "abolish" said Section 10684 nor does it in any way affect it, as has been pointed out, except that it supersedes the provision thereof providing a salary for county judges for services rendered as members of the Board of Road Overseers. Said judges are members of said Board because they are judges of the county court—*ex officio, so* to speak. Their compensation for all services required of them may properly be provided for by one statutory provision. Section 2588, Revised Statutes 1919, as officially published, has the heading "Compensation of Judges"—a title comprehensive and suggestive enough to include compensation for all services. Such title or heading may be considered in determining the sufficiency of the title of the amendatory act. [See State v. Doerring, supra, 194 Mo. l. c. 408-411, particularly page 411; Burge v. Wab. Railroad Co., 244 Mo. 76, 88, 148 S. W. 925; Asel v. City of of Jefferson, supra, 287 Mo. l. c. 205.] In our opinion the failure of said amendatory Act of 1929 to mention said Section 10684, Revised Statutes 1919, or said salary provision therein contained does not render said amendatory act violative of the constitutional provision invoked. We think this conclusion is supported by the reasoning in State ex rel. Faust v. Thomas, 313 Mo. 160, 282 S. W. 34. [See, also, Asel v. City of Jefferson, supra.]

Appellant contends that Section 2092, Revised Statutes 1929, even if valid, did not apply to Greene County but that the compensation of county judges was fixed by Section 2095, Revised Statutes 1929. As we have seen Section 2095 was enacted in 1925 and Section 2092, as appearing in Revised Statutes 1929, was enacted in 1929. Section 2095 fixed the compensation of county judges at a salary of $1500 in all counties of 70,000 to 90,000 population as shown by the "last decennial federal census." Section 2092 provided for a salary of $2500 in all counties of 60,000 to 90,000 population, leaving the population to be determined under the then applicable general statute, Section 11808, Revised Statutes 1929. The 60,000-90,000 class includes the 70,000-90,000 class. While different methods are provided for determining the population, which methods would produce different results, we cannot see how both statutes could be given practical effect and operation in the designated population brackets at the same time. To attempt to do so would result in hopeless confusion. It seems to us they are in irreconcilable conflict. If two statutes deal with the same subject matter and are inconsistent with each other, so that both cannot be operative as to such subject matter, the later act will be regarded as a substitute for the earlier one and will operate as a repeal thereof, although it contains no express repealing clause. [State ex rel. Mo. Pac. Ry. Co. v. Pub. Serv. Com., 275 Mo. 60, 204 S. W. 395.] As said by Judge WHITE the 1929 act (Sec. 2092, supra) made no mention of the 1925 act (Sec. 2095, supra), but as

it covered the same subject matter and is inconsistent with the earlier act it necessarily operated as a repeal thereof.

Changes have been made in Section 2092 by subsequent enactments (Laws 1931, p. 190, Laws 1933, p. 204), and in the method of determining the population (Laws 1933, p. 208), but as learned counsel for appellant does not treat said changes as affecting the case (and did not below), we dispose of the case on the theory on which it has been presented, both in the circuit court and in this court. [See State ex rel. Moss v. Hamilton, 303 Mo. 302, 315, 260 S. W. 466, 470.] The judgment of the circuit court is affirmed. *Westhues, C.,* concurs; *Bohling, C.,* absent.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.