J. B. RUFFIN v. COUNTY OF GREENE, Appellant.—119 S. W. (2d) 374.

Division Two, August 17, 1938.

*Nat W. Benton* and *John F. Carr* for appellant.

*Mann, Mann & Miller, J. R. Schweitzer* and *James E. Ruffin* for respondent.

COOLEY, C.—This is a companion case to Young v. County of Greene, 342 Mo. 1105, 119 S. W. (2d) 369, decided herewith. The facts are similar and the pleadings and issues are substantially the same. At the general election in November, 1932, plaintiff was elected Judge of the County Court of Greene County for a two year term beginning January 1, 1933, and ending December 31, 1934. As in the Young case he sues for alleged deficiency in payment of his salary on the same theory and grounds there relied on except that he invokes Section 2092, Revised Statutes 1929 (relied on in the Young case) "as Amended Laws 1931, page 190." Defendant filed a demurrer to the petition and a counterclaim, to which plaintiff demurred, all as in the Young case, and as in that case the court overruled defendant's demurrer and sustained that of plaintiff, and gave judgment for plaintiff, from which defendant appealed.

Appellant makes a point that its demurrer to the petition should have been sustained because, *inter alia*, it pleads and relies on Section 2092, Revised Statutes 1929, "as Amended Laws 1931, page 190," whereas appellant says said section was not amended by the Act of 1931 but was repealed and a new section enacted. Appellant did not suggest that point by its demurrer. Plaintiff's petition as originally filed invoked Section 2092, Revised Statutes 1929. Defendant demurred thereto on the same grounds as in the Young case. Plaintiff by interlineation amended his petition so as to refer to said section "as Amended Laws 1931, page 190" and defendant simply refiled its original demurrer. However, for the purposes of this case, we cannot see that it makes any difference whether the 1931 act be called an amendment of Section 2092, Revised Statutes 1929, or a repeal thereof and the enactment of a new section.

The 1931 act is entitled "An act to repeal Section 2092, Article 5, Chapter 9, Revised Statutes of Missouri, 1929, relating to compensation of county court judges, and to enact a new section in lieu thereof, pertaining to same subject and to be known by the same section number." The only substantial change it made in the former law—the only one at least that could in any way affect the issues in this case, was that it changed the 60,000-90,000 population bracket in which a $2,500 salary should be paid, to a 75,000-90,000 bracket,

and provided that in counties of less than 75,000 county judges should receive $5 per day for each day necessarily engaged in holding court. The 1929 statute provided such per diem for judges in counties of less than 60,000 population. Under both the 1929 and the 1931 enactments the population of Greene County, computed by what we may call the multiple rule (Sec. 11808, R. S. 1929) placed the county judges of that county in the $4,500 per annum salary class.

Appellant in this case challenges the constitutionality of the Act of 1931, supra, and as we understand, of Section 2092, supra, and also the applicability of the 1931 act to Greene County for the same reasons advanced in the Young case.

The argument in support of the propositions contended for proceeds along somewhat different lines in some respects but there is not enough difference to justify further discussion. Our disposition of the Young case and the reasons therefor determine this case. The judgment of the circuit court is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.