FRANK M. GILL v. COUNTY OF BUCHANAN, a Municipal Corporation, Appellant.—142 S. W. (2d) 665.

Division One, July 23, 1940.

600

*Maurice Hoffman* and *John W. Mitchell* for appellant.

*Mayer, Conkling & Sprague* for respondent.

HYDE, C.—This is an action to recover from Buchanan County $3000 for the balance of respondent's salary claimed to be due for the years 1933 and 1934 as a county judge. Plaintiff had judgment for the full amount claimed, with interest from the time he commenced suit, and defendant has appealed.

Plaintiff was elected in 1932 for a term commencing January 1, 1933, and ending December 31, 1934. Plaintiff was paid $3000 for each of said years, but claims that he was entitled to be paid $4500 per year, or $125 per month more than he was paid. [Laws 1931, p. 190, which repealed Sec. 2092, R. S. 1929, and enacted a new Sec. 2092; and Sec. 11808, R. S. 1929.] Defendant admits that plaintiff was entitled to collect a salary of $4500 for the year 1933. [See Ruffin v. Greene County, 342 Mo. 1128, 119 S. W. (2d) 374; Young v. Greene County, 342 Mo. 1105, 119 S. W. (2d) 369.] Defendant's only defense to that part of plaintiff's claim is the five year Statute of Limitations (Sec. 862, R. S. 1929), which it sets up to bar plaintiff's suit (commenced in August, 1938) as to amounts claimed for

the first seven months of 1933. Plaintiff now admits that this part of his claim is thus barred and has filed a *remittitur* therefor. Thus the issues on this appeal are narrowed to plaintiff's claim for the year 1934. The facts were settled by stipulations filed in the trial court.

Defendant admits that the Buchanan County Court was in the $4500 salary class, made by Laws 1931, p. 190, enacting a new section in lieu of Sec. 2092, R. S. 1929, under the method of classification provided in Sec. 11808, R. S. 1929; namely, that "for the purpose of determining the population of any county in this State, as a basis for ascertaining the salary of any county officer for any year . . . the highest number of votes cast at the last previous general election, whether heretofore or hereafter held in such county, for any office, shall be multiplied by five." However, defendant relies upon Sec. 2092a (Laws 1933, p. 209) thereafter enacted, providing "that the number of inhabitants of any county for the purpose of the above section 2092 shall be ascertained by the last decenial census of the United States." Defendant recognizes our constitutional prohibition (Sec. 33, Art. 6) against diminishing compensation of judges of courts of record (which includes county courts, Sec. 36, Art. 6) "during the period for which they were elected." However, defendant says "that Sec. 11808, R. S. 1929, amounts in effect to a rule of evidence, by which the number of inhabitants in a county is to be determined;" that plaintiff's salary "was dependent on the population," which "was the sole test;" and that the 1933 Act (Laws 1933, p. 209, sec. 2092a) did not "change the rate of pay of any county judge;" but that "the method of ascertaining the truth about the population was all that was changed." The trouble with this argument is that it looks only to the form and not to the substance of the matter. The real effect of Sec. 11808, R. S. 1929, and other similar statutes, is to make the number of votes cast in a county, rather than the number of people living in it, the basis of classification for salaries of its county officers; and we have held that "actual population is not required for a valid classification," but instead, the Legislature "could take the presidential vote as a basis for classification, or could take any multiple of such vote as a basis of classification." (Likewise it could select taxable wealth or amount of taxes levied or some other reasonable basis.) [Perkins v. Burks, 336 Mo. 248, 78 S. W. (2d) 845; State ex rel. O'Connor v. Riedel, 329 Mo. 616, 46 S. W. (2d) 131; State ex rel. Chaney v. Grinstead, 314 Mo. 55, 282 S. W. 715; Greene County v. Lydy, 263 Mo. 77, 172 S. W. 376.] Obviously, changing the whole basis of classification of a county so as to diminish the amount of compensation of a county judge, by a law enacted during the term for which he was elected, would result in a violation of the above mentioned constitutional prohibition, as completely as to diminish it by directly reducing the

amount. His salary for performing his duties as county judge "would be determined by the law in force at the time of his election, and a law which went into effect later would not affect the matter." [State ex rel. Harvey v. Linville, 318 Mo. 698, 300 S. W. 1066.] We hold that the 1933 Act cannot affect the determination of the amount of salary plaintiff was entitled to receive in 1934.

Defendant further contends that plaintiff cannot recover any additional amount for 1934 salary because of Sec. 12, Art. 10 of our Constitution. Defendant says: "The income and revenue provided for such year, has been completely exhausted by warrants issued against it during the year 1934, and consequently the rendering of any additional judgment based on a claim arising out of transactions and matters occurring in the year 1934 would necessarily result in 'allowing' the county to become indebted in the year 1934 for a sum in excess of the income and revenue provided for that year." However, the evidence (agreed facts) upon which defendant relies is not sufficient to show that judgment for the balance of plaintiff's 1934 salary would be prohibited by this constitutional provision. After plaintiff's prima facie showing of an obligation which the Legislature had imposed on the county to pay, "the burden was on defendant as to any affirmative defense that such an obligation was void because of this constitutional provision." [Clarence Special School District v. School District No. 67, 341 Mo. 178, 107 S. W. (2d) 5, and cases cited.] The facts upon which defendant relies are that the estimated general revenue, as set out in the county budget for 1934, was $413,000, exclusive of the road and bridge levy; and that the total amount of warrants issued against the general revenue funds was $446,584.19. In this budget, fees were estimated at $75,000, and liquor licenses at $30,000. Actual collections therefrom for the year 1934 were not shown. In this budget estimate, however, property taxes were computed at 35 cents per $100 valuation on an assessment of $88,000,000; but the actual levy was 35 cents on an assessment of $96,415,147. Because of this underestimate of assessed valuation (apparently due to a much greater allowance being made for reductions in valuation than was approved), this levy actually provided $29,453 more property tax revenue for 1934 than was estimated in the budget. The total amount thus actually provided lacked only $4131.19 of equaling the total amount of 1934 warrants, without considering any of that year's Road and Bridge Funds illegally transferred to general revenue in making the budget. [See Sec. 22, Art. 10, Const. of Mo.] Certainly all revenue actually provided by the year's levy must be considered in determining whether or not there was a violation of the constitutional provision invoked by defendant. In this connection, it should be noted that there is no showing as to when any of the obligations paid during 1934 were incurred; and that "it is the situation at the time a debt is contracted

that must be considered in determining whether or not it is void under the section invoked.'' [Clarence Special School Dist. v. School Dist. No. 67, supra.] It was agreed that $62,539.96 of the 1934 warrants were issued during the month of December, after all of the amounts due plaintiff were payable to him except the last installment thereof for the month of December. This showing (in the absence of proof as to time when any obligations were incurred) would not prove the invalidity of any obligations incurred prior to December. Therefore, under any construction, there was a valid obligation to defendant to pay the full salary due him for all months prior to December. However, our conclusion is that a county's liability for a county officer's salary is incurred not just when each monthly installment thereof is payable, but, insofar as the constitutional provision herein invoked is concerned, the whole amount, due and payable during each year, must be considered from the beginning of the year. This must be true because the annual amount of such salary is fixed by the Legislature and no other officer or officers have authority to change it, either before or after it is due and payable. [Nodaway County v. Kidder, 344 Mo. 795, 129 S. W. (2d) 857; State ex rel. Rothrum v. Darby, 345 Mo. 1002, 137 S. W. (2d) 532.] Certainly such annual obligations imposed upon the county by the Legislature would be valid from the first of the year, if within the limits of the constitutional provisions fixing the county's authority to raise revenue during each year to pay them; and no part of any such obligation could become invalid merely because the county court decided to incur other obligations for different purposes during the year. To so hold would amount to recognition of authority in the county court to ignore statutes, and to say that it could make its own choice as to whether it would follow valid acts of the Legislature or use all of its revenue for different purposes. Therefore, while a part of the obligations incurred during the month of December may have been invalid, under the showing made, we hold that the county had imposed upon it a valid obligation to pay plaintiff the full salary which the Legislature provided should be paid to him for the year 1934; and that its showing is insufficient to prove that such obligation was void because of the constitutional provision invoked.

Defendant also contends that plaintiff is not entitled to recover because there was not a sufficient amount provided in the 1934 county budget for county court salaries to pay salaries of $4500 each. (Only $840 more than the total of salaries figured at $3000 each was included in the salary fund for the county court.) However, as hereinabove noted, salaries of county judges are fixed by the Legislature and the Constitution prevents even the Legislature from changing them during the terms for which they were elected. Surely, the county court cannot change them, by either inadvertently or intentionally providing greater or less amounts in the salary fund in

the budget. The action of the Legislature in fixing salaries of county officers is in effect a direction to the county court to include the necessary amounts in the budget. Such statutes are not in conflict with the County Budget Law but must be read and considered with it in construing it. They amount to a mandate to the county court to budget such amounts. Surely no mere failure to recognize in the budget this annual obligation of the county to pay such salaries could set aside this legislative mandate and prevent the creation of this obligation imposed by proper authority. Certainly such obligations imposed by the Legislature were intended to have priority over other items as to which the county court had discretion to determine whether or not obligations concerning them should be incurred. They must be considered to be in the budget every year because the Legislature has put them in and only the Legislature can take them out or take out any part of these amounts. This court has held that the purpose of the County Budget Law was ''to compel . . . county courts to comply with the constitutional provision, Section 12, Article 10'' by providing ''ways and means for a county to record the obligations incurred and thereby enable it to keep the expenditures within the income.'' [Traub v. Buchanan County, 341 Mo. 727, 108 S. W. (2d) 340.] To properly accomplish that purpose, mandatory obligations imposed by the Legislature and other essential charges should be first budgeted, and then any balance may be appropriated for other purposes as to which there is discretionary power. Failure to budget funds for the full amount of salaries due officers of the county, under the applicable law, which the county court must obey, cannot bar the right to be paid the balance. Instead, it must be the discretionary obligations incurred for other purposes which are invalid, rather than the mandatory obligation imposed by the same authority which imposed the budget requirements. We, therefore, hold that a county court's failure to budget the proper amounts necessary to pay in full all county officers' salaries fixed by the Legislature, does not affect the county's obligation to pay them.

Defendant, however, contends that plaintiff should be estopped from enforcing this claim both because he failed to demand payment during the year 1934 ''before the income and revenue provided for that year had been fully expended, incumbered or exhausted;'' and because he was guilty of a breach of duty (since he was one of the officers charged with the management of the county's financial affairs) in failing to comply with the County Budget Law and in participating in the authorization of expenditures in excess of the revenue provided for the year of 1934. As to the first, we find nothing in the agreed statement of facts about when plaintiff first claimed that he had not been paid his full salary. Nevertheless, this court has consistently held that mere failure to claim the balance at

the time is not a proper basis for estoppel in these cases. There are several reasons for this, all based upon the following differences between public office and private employment and the different situation of a municipal corporation or a governmental subdivision of the State from a private person or corporation:

First: Payment of salaries fixed by the Legislature is a duty imposed upon the county by the Legislature, and the county is not entitled to assume that by paying a part of this obligation it has discharged the entire debt.

Second: To permit estoppel in such cases would make it impossible for executive or administrative officers to encroach upon and exercise the legislative functions of fixing salaries of other officers and even ignore the action of the Legislature with regard to them. This is against public policy for many reasons.

Third: Failure to make a prompt claim cannot mislead a county to its detriment as it might in the case of an individual or private corporation, because a county can only be compelled to make payment out of tax revenue when there is a surplus in any year after all necessary charges have been met, or by a levy when it is not necessary to levy the full amount authorized by constitutional limitations to meet essential expenses; or, if it cannot thus create a surplus or raise funds by levy, to pay otherwise when a bond issue is authorized by the required majority of its citizens, willing to approve it by their votes. [See State ex rel. Moss v. Hamilton, 303 Mo. 302, 260 S. W. 466; Whaten v. Buchanan County, 342 Mo. 33, 111 S. W. (2d) 177; State ex rel. Rothrum v. Darby, 345 Mo. 1002, 127 S. W. (2d) 532; State ex rel. Emerson v. Mound City, 335 Mo. 702, 73 S. W. (2d) 1017; Security State Bank v. Dent County, 345 Mo. 1050, 137 S. W. (2d) 960.] In short, even judgments for valid obligations cannot curtail future essential governmental activities.

Plaintiff, therefore, as the result of the failure to make an earlier claim, has placed himself in a position where, even if he obtains judgment, he can only collect it under one of the above stated situations. Should plaintiff also be completely barred by estoppel from even obtaining a judgment for the valid obligation of the county to pay the balance of his 1934 salary because, as a member of the county court (with the duty to approve a correct budget and to keep obligations and expenditures within the revenue provided), he participated in authorization of expenditures during that year in total amount greater than the applicable amount of revenue? There is no claim of bad faith, willful neglect or of corrupt, malicious, fraudulent or wrongful intent; or that failure to budget or reserve funds to pay the full amount of salary provided by law for members of the county court was due to anything else than lack of knowledge as to the proper construction of applicable statutes fixing the amount

due.  The number of cases in this court concerning county officers' salaries (determined on the basis of election votes), since the adoption of the 19th Amendment to the United States Constitution changed the original situation, shows that such misunderstandings have been common.  The record in this case consists of the facts and figures of the agreed statement which are only what the written records of the county show.  There is no evidence as to surrounding circumstances or to show what, if any, detrimental effects resulted or what subsequent conditions were.  There was a credit balance in some county funds at the beginning of 1934; and while these funds may not have been available for 1934 obligations as defendant contends, it does not appear upon what advice plaintiff (or other members of the county court) acted or what they sought.  The laws of this State fixing salaries of county officers were not clear (at least prior to the 1933 amendments) and set up different standards for various offices.  These statutes were not plain (on the face of each statute itself); and the county court salary statute (Sec. 2092) did not settle the matter by its own terms but required construction with other statutes.  Members of county courts are not required to be learned in the law, and they perform mainly executive and administrative functions.  The Legislature fixes their salaries and also their duties.  It has provided penalties for willful, corrupt or fraudulent violation or neglect of any official duty, including removal from office by the methods provided in Sections 11202-11209, R. S. 1929 (9 Mo. Stat. Ann. 6143-6146), and criminal prosecution under Sections 3945-3950, R. S. 1929. [4 Mo. Stat. Ann. 2761-2763.]  Forfeiture may be declared and a fine imposed for such violation or neglect under *quo warranto* proceedings.  [State ex inf. McKittrick v. Wymore, 343 Mo. 98, 119 S. W. (2d) 941, 119 A. L. R. 710; see also 345 Mo. 169, 132 S. W. (2d) 979.]  However, the Legislature has not seen fit to impose any fine or forfeiture of pay for a mere mistake of law or fact which would not come under the classification of willful, corrupt or fraudulent violation or neglect.  For the reasons hereinabove stated, we do not think that we should add such a fine or forfeiture by application of estoppel to this situation (on the basis of misinterpretation of complicated statutes over which lawyers have differed) where there is no evidence of improper motive, willfulness, corruption, or of any of the surrounding circumstances.  ■  We also take judicial notice from our records of the fact that this county court was faced with a difficult financial situation, which could not be met out of current revenue, because before this suit was tried or commenced a bond issue to pay warrants (reduced to judgments for which refunding bonds were issued in 1934) was approved by the required two-thirds majority of the voters of Buchanan County. [State ex rel. Gilpin v. Smith, 339 Mo. 194, 96 S. W. (2d) 40.]  ■  Estoppel is an affirmative equitable defense and the facts war-

ranting its application (to show that it is necessary to prevent an unjust result and will do justice) must be clearly and satisfactorily established. [See 19 Am. Jur. 852, sec. 199.] Defendant cites no case applying estoppel in such a situation as this, and we hold that estoppel should not be applied merely upon the basis of the stipulated facts herein.

The judgment is affirmed, as of the date rendered, except as to the sum of Eight Hundred Ninety-two and 50/100 Dollars, which has been remitted as of date of judgment, and said sum so remitted is to be deducted from said judgment of Three Thousand Sixty and No/100 Dollars and accrued interest. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.