John S. VESTAL, Appellant,

v.

CITY OF ST. JOSEPH, Missouri, a Municipal Corporation, Respondent.

No. 24612.

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1967.

Motion for Rehearing and/or Transfer Denied April 3, 1967.

Louis Kranitz, Theodore M. Kranitz, St. Joseph, for appellant.

Edward P. Speiser, St. Joseph, for respondent.

MAUGHMER, Commissioner.

In this case a jury was waived and the cause was tried to the court mainly upon a stipulation of facts. However, the plaintiff did present some testimony and defendant introduced certain city ordinances and charter provisions. The judgment was for defendant and plaintiff has appealed.

John S. Vestal, appellant, was duly appointed and served the respondent City of St. Joseph, Missouri as its Airport Manager from July 15, 1961 until June 15, 1964. He was paid the full salary of $425 per month provided for this post for the whole period. He also had the use of a house situated at the Airport and use of an automobile, both provided by the City.

The parties stipulated that during the period of his employment as Airport Manager, the plaintiff "on or about August 1, 1963, entered upon and began performing the duties of Purchasing Agent and Personnel Director and continued to perform the duties of Purchasing Agent and Personnel Director until on or about June 15, 1964". It was further stipulated that plaintiff was appointed to the office of Personnel Director on October 7, 1963, by the Mayor of St. Joseph, and took the oath as such on April 10, 1964. Section 7.1 of the St. Joseph Charter in full force and effect at the time, provided:

"The Director of the Personnel Department shall be appointed by the Mayor, with the advice and consent of the council, on the basis of his training, experience, qualifications, and fitness in personnel administration; and such position may be an additional duty in that the duties of such office may be assigned to another appointive officer, in which event, the same shall be done with the advice and consent of the council."

There is no evidence that the appointment was made with "the advice and consent of the council".

Plaintiff was also appointed to and assigned the duties of Purchasing Agent by

the Mayor. Section 63 of the Charter establishes the Division of Purchases within the Department of Finance, the head of which shall be the City Purchasing Agent, who shall be appointed by the Director of Finance. Plaintiff was never appointed to the position by the Director of Finance, although that officer, according to the evidence, accepted him as such on the basis of the Mayor's appointment. It was further stipulated: City Ordinance No. 17260 provided that the pay of the City Purchasing Agent should be not less than $464, and not more than $592 per month; that the ordinance fixing the compensation for the City Personnel Director provided for a salary of $7200 per annum, and that these ordinances were in full force and effect at all times herein in issue. Plaintiff's suit sought recovery of $600 per month as Personnel Director and $464 per month as Purchasing Agent, both from August 1, 1963 to June 15, 1964, in the total sum of $11,172, together with interest from March 5, 1965, the date upon which the petition was filed.

Section 2–25 of the St. Joseph City Code (in full force and effect at all times herein mentioned) provides:

"Compensation for regular employees —temporary employees to be engaged.

"(a) No officer or employee in the city service shall be entitled to any additional salary, fees, or other emoluments other than as expressly provided by the Charter or by ordinance for any duty performed or service rendered for the city or about its business or affairs; provided, however, that any officer or employee in the city service with peculiar and exceptional qualifications of a scientific, managerial, professional, or educational character may be further compensated by the city for special services other than and in addition to the services regularly performed by such employee or officer".

The trial court found there was no evidence that plaintiff possessed peculiar and exceptional qualifications of a scientific, managerial, professional or educational character which would bring him within the one exception provided for in this section. Our examination of the record also fails to reveal any such evidence.

Our scope of review in a jury waived case is set forth in Rule 73.01(d) V.A.M.R. We quote therefrom in part:

"The appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses".

In Coleman v. Kansas City, 348 Mo. 916, 156 S.W.2d 644, 648, 649, one of the issues presented was interpretation of a salary ordinance of Kansas City. The Supreme Court said:

"Section 130 of the salary ordinance is, in part, as follows: 'Until otherwise provided by ordinance and except as otherwise may be provided in the charter, the positions, officials, and employees in the city's service and respective rates of salaries or compensation for all services rendered by any such, whether in the capacity named or other, may be but shall not exceed the numbers or amounts respectively herein designated.'

"Section 131 of the same ordinance includes the following: 'No officer, appointee or employee in the city service shall be entitled to any additional salary or compensation other than as expressly provided by the charter or this ordinance for any duty performed or service rendered for the city or in or about its business or affairs, and this regardless of the office or position held or work done or service rendered.'

"As we construe the above provisions of the ordinance, the city was prohibited

from paying any officer or employee more than the scheduled salary for one office, even though he may have performed duties pertaining to one or more other offices or duties which had not been assigned to any office. This prohibition destroyed the right which otherwise the city may have had to pay, and these claimants to receive, extra pay for extra services".

Section 131 of the Kansas City Salary Ordinance which we have just referred to is quite similar to Section 2–25 of the St. Joseph Municipal Code, supra. The trial court construed it in the case before us in accordance with the construction applied by the Supreme Court in Coleman. We agree. Plaintiff has not only failed to show authority for payment to him of all three salaries, but the Municipal Code forbids it.

Appellant cites four cases which he says support his basic contention that he is entitled to recover these second and third salaries. We shall refer to those cases. State ex rel. Kansas City v. Coon et al., Judges, 316 Mo. 524, 296 S.W. 90 en Banc., was an original proceeding in prohibition wherein it was sought to prohibit the circuit court from issuing a writ of mandamus compelling named city officials of Kansas City to reinstate a qualified city employee to his position and pay him the salary or compensation thereof. It was held that he was entitled to such reinstatement and that both de jure and de facto officers were entitled to compensation when they filled such offices or positions.

In Gill v. Buchanan County, 346 Mo. 599, 142 S.W.2d 665, it was held (1) the Legislature fixes the compensation of county judges; (2) such compensation may not be reduced by change in the county classification; (3) payment may not be avoided under the County Budget Law through the device of budgeting a lesser amount and (4) the full compensation may be recovered by suit against the county.

Coleman v. Kansas City, Mo., 351 Mo. 254, 173 S.W.2d 572, involved a suit by city employees to recover the full amount of salaries provided by city charter and ordinances for the positions to which they had been appointed and the duties of which they had performed. The city officials under threat of discharge had coerced those employees into signing applications for leaves of absence and taking salary cuts, but nevertheless required them to continue performing the duties of the offices. It was held they were entitled to recover the full salaries.

Gershon v. Kansas City, Mo., 240 Mo. App. 418, 215 S.W.2d 771, involved a de facto clerk who had possession of the office and who performed the duties. He was required by the city manager to submit to salary deductions upon representations that the city had insufficient funds with which to make full payment. This court affirmed a judgment allowing recovery of the full salary.

In each of those four cases relied on by appellant only one office, one position and one salary was in dispute. The opinions in those cases are not decisive of or in point on the basic issue in the instant case. Appellant in his brief suggests that it is against public policy for an employee to waive or be permitted to waive all or any part of a salary legally fixed by ordinance. Would it not be against public policy, as well as unsound governmental practice for any one person to be appointed to three separate offices, at least two of which are contemplated full time posts, and concurrently receive all three of the salaries?

We concur in the conclusions reached by the trial court. Those conclusions are supported by the evidence. It is our opinion that the Municipal Code and the Ordinances referred to specifically herein preclude plaintiff from recovering the salaries provided for City Purchasing Agent and City Personnel Director when at the same time he was acting as and being paid

the full salary provided by law for his services as Airport Manager.

The judgment is affirmed.

The foregoing opinion by MAUGHMER, C., is adopted as the opinion of the Court.

All concur.