Honorable Steve Lampo Prosecuting Attorney of Newton County P. O. Box 511 Neosho, Missouri 64850
Dear Mr. Lampo:
This is in response to your opinion request as follows:
 "Can the County Court of Newton County, Missouri, a third class county, appropriate funds mid-year to implement the Child Support Enforcement provisions of House Bill No. 601."
In your request, you mention that House Bill No. 601 was enacted as emergency legislation requiring in Sections 2.2 and 2.9, thereof, that the county court appropriate funds for the purpose of implementing its provisions. Such bill was signed by the Governor on June 8, 1977, and became a law on July 1, 1977, under the provisions of Section A of such bill. It is your expressed feeling that Section 50.740, RSMo, as amended in 1965, implies that revisions in the budget can only be made at the county court's regular February term and, therefore, no expenditures as provided for in such bill can be made for the budget year of the county, that is, the calendar year 1977.
The case of Gill v. Buchanan County, 142 S.W.2d 665 (Mo. 1940), considered the question of whether the fact that the county court of Buchanan County had failed to provide in its budget for the full salaries of a county judge would preclude the recovery of such salaries by judges. It held at page 668 that:
 ". . . They must be considered to be in the budget every year because the Legislature has put them in and only the Legislature can take them out or take out any part of these amounts. . . ."
This case was considered in analyzing an opinion request in 1949 regarding whether the increase in salaries of prosecuting attorneys effective July 7, 1949, which was several months after the 1949 county budgets were made out, was automatically included in the county budget for 1949. In Opinion No. 95, 1949, to Joe C. Welborn, which is attached hereto, this office held that the increase for prosecuting attorneys was automatically included within the budget of counties of the third and fourth class even though the increase by law became effective several months after the 1949 county budgets were made out. It is our belief that the Gill case,supra, and Opinion No. 95 go to the heart of your inquiry. We conclude therefrom that the additional funds needed under House Bill No. 601, 79th General Assembly, are automatically included in the 1977 budget of the county court of Newton County, which is a third class county.
CONCLUSION
It is the opinion of this office that necessary funds required for the enforcing of House Bill No. 601, 79th General Assembly, during 1977 are automatically included within the 1977 budgets of counties of the third class.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 95 7-18-49, Welborn