Dear Mr. Osborne:
This letter is in response to your request for an opinion of this office asking whether the juvenile officer of the Twelfth Judicial Circuit (Audrain, Montgomery and Warren Counties) is entitled to receive a salary as juvenile officer pursuant to Sections 211.381.1 (2) and 211.393.2, RSMo Supp. 1983,[1] of $18,690.00 per year and an additional salary pursuant to Sections 211.331.3 and 311.341, RSMo 1978, as superintendent of the juvenile detention facility.
Section 211.381.1(2) provides for the compensation of $18,690.00 for one juvenile officer of the judicial circuit. Section 211.393.2 provides, among other matters, that in circuits composed only of counties of the third and fourth class, the salaries are payable monthly out of county funds and prorated among the counties served on a ratio determined by population, except that the salary of the juvenile officer of any such circuit in which he is engaged full-time is payable in installments by the State of Missouri not to exceed the annual sum of $18,690.00 plus any salary adjustment provided pursuant to Section 476.405, RSMo.
Section 211.341, RSMo 1978, provides in pertinent part that counties of the third and fourth classes within one judicial circuit shall, upon the written recommendation of the circuit judge of that judicial circuit, establish a place of juvenile detention to serve all the counties within the judicial circuit. Upon doing so, some of the provisions of Section 211.331, RSMo 1978, apply. See Section211.341.3, RSMo 1978. Section 211.331.3, RSMo 1978, in relevant part, provides that such place of detention shall be in the charge of a superintendent whose compensation and maintenance shall be fixed by the judge of the juvenile court, payable out of county funds.
In our Opinion No. 130-1966, copy enclosed, this office concluded that the phrase, "engaged full-time" as used in Section211.393.2, RSMo Supp. 1965, means that the juvenile officer, in order to qualify for the statutory contribution by the State of Missouri, may not hold another office or position and may not engage in any activity which would impair his ability to faithfully perform his duty as a juvenile officer. We noted, in that opinion, that such phrase means that the juvenile officer must give his position his complete and undivided attention and may not engage in any other activities which would either consume any portion of the time required for him to properly function as a juvenile officer, or which would in any respect interfere with his ability to perform his duties as such. We expressed our view in that opinion that this means that such juvenile officer would not be "engaged full-time" if he at the same time attempted to occupy or hold any other position or engage in any activity which would impair his capacity, devotion or time required and customary for the full performance of the occupation of juvenile officer. Cf. Vestal v. City of St. Joseph, 413 S.W.2d 537
(K.C. App. 1967) and Coleman v. Kansas City, 348 Mo. 916, 156 S.W.2d 644
(Mo. 1941).
The requirement contained in Section 211.393.2 is that, where the state is to pay the juvenile officer's salary, the juvenile officer must be engaged full-time at such position. It is our view that if the juvenile officer also holds the position of superintendent of the detention facility, pursuant to Sections 211.331.3 and211.341, RSMo 1978, he holds a statutorily distinct position from that of juvenile officer. As a consequence, it is our view that his salary as juvenile officer is not eligible for state payment pursuant to Section 211.393.2.
We also note that Section 211.381.4 provides that the compensation provided therein for employees of the juvenile court in second, third and fourth class counties is the total amount of compensation the employee shall receive for duties pertaining to the juvenile court and includes the compensation provided by any other provisionof law. We interpret this subsection to preclude additional payment to a juvenile officer for performing duties as superintendent of the detention facility.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 130-1966
[1] All statutory references are to RSMo Supp. 1983, unless otherwise indicated.