MORRIS CLIFFORD RIPPETO ET AL., Respondents, v. GUY A. THOMPSON, Trustee for MISSOURI PACIFIC RAILROAD COMPANY, a Corporation. —Nos. 40857 and 40946.—216 S. W. (2d) 505.

Division One, January 7, 1949.

*Thomas J. Cole, Ragland, Otto, Potter & Embry* and *Forrest P. Carson* for appellant.

*Lauf & Bond* for respondents.

[506] DOUGLAS, P. J.—This proceeding under the statutes to establish a private road was instituted in the County Court of Cole County after the Constitution of 1945 had removed judicial power from county courts, and had rendered ineffective statutes inconsistent with the new Constitution.

In this situation, the jurisdiction of the county court over this proceeding under the new Constitution is the decisive question for determination by this court.

The case is here because this court has exclusive appellate jurisdiction in all cases involving the construction of the Constitution. Cons. (1945) Art. v, Sec. 3.

Briefly the facts are these. Plaintiffs petitioned the county court to establish a private road from their premises to a public road in accordance with the statutory procedure. Their premises adjoined the Missouri Pacific Railroad right-of-way on the west. A public road adjoined the right-of-way on the east. Plaintiffs sought the establishment of a private road across the railroad right-of-way from their premises to the public road.

Plaintiffs filed their petition in the county court pursuant to the procedure provided in Section 8488 R. S. 1939, RSA, for the establishment of private roads. The county court appointed commissioners, the commissioners viewed the premises and marked out a private road twenty feet wide and sixty-six feet long (the width of the right-of-way) across the railroad right-of-way. The county court entered judgment establishing such private road. Defendant appealed to the circuit court. The circuit court, after a hearing to determine whether plaintiffs were entitled to a way of necessity, entered an interlocutory order in their favor. Cause No. 40,857 in this court is an appeal from that order. That appeal was premature and should be dismissed.

[507] The circuit court after proceeding anew entered final judgment establishing the same private road across defendant's right-of-way. Defendant has appealed from this judgment.

Our conclusion is the judgment should be reversed for want of jurisdiction. The statutes governing the taking of private property for a private road against the consent of the owner were not effective during the entire course of this proceeding because they were inconsistent with the new Constitution (1945). Taking of private property for private use is permitted by the Constitution (1945) only when it is done in strict conformity with statutory authority.

The old Constitution (1875) was the first constitutional authority in this state for the taking of private property for private ways of necessity against the consent of the owner. Article II, Section 20 of

the Bill of Rights of that Constitution provided in part: "That no private property can be taken for private use, with or without compensation, unless by the consent of the owner, except for private ways of necessity, and except for drains and ditches across the lands of others for agricultural and sanitary purposes, in such manner as may be prescribed by law; . . . "

The procedure for taking private property for private ways of necessity authorized by this provision and for governing private roads was set up by the legislature in Sections 8488-8501. Such procedure was followed in this case. These statutes provide that an inhabitant may present his petition in the county court for a private road from his premises to a public road. The court shall then appoint commissioners who are to mark out the road. The commissioners report to the county court, and it makes its findings and enters its judgment. Where an issue is raised as to the amount of damages to be allowed for taking the road the statute provides for its determination by a jury. The county court is also authorized to issue its warrant to its officer to enforce its judgment to open the road.

An appeal to the circuit court from a judgment of a county court establishing a private road has been held to be authorized under Section 2100 R. S. 1939, RSA, which gives the circuit court general appellate jurisdiction of appeals from county courts. State ex r. United Rys. Co. v. Wiethaupt, 238 Mo. 155, 142 S. W. 323; State ex r. McDermott Realty Co. v. McElhinney, 246 Mo. 44, 151 S. W. 457.

The authority to establish a private road comprehends judicial, not ministerial, action by a county court. Under the old Constitution (1875) a county court was a court of record. In acting on matters within its discretion, a county court is held to exercise judicial functions. Dumm v. Cole County, 315 Mo. 568, 287 S. W. 444. An appeal from a county court was not allowed where the order appealed from was entered by the court in its administrative capacity. Scott County v. Leftwich, 145 Mo. 26, 46 S. W. 963; Colville v. Judy, 73 Mo. 651. An appeal from a county court is held to be authorized only when the judgment appealed from was entered by the court acting in its judicial function. Bradford v. Phelps County (Mo. App.) 210 S. W. (2d) 996; St. L., I. M. & S. R. Co. v. St. Louis, 92 Mo. 160, 4 S. W. 664; State ex r. Dietrich v. Daues, 315 Mo. 701, 287 S. W. 430. And we have pointed out above a judgment of a county court establishing private roads is appealable.

Accordingly, there can be no question but that a county court is acting in its judicial capacity when it enters a judgment establishing a private road. Article VI, Section 1 of the old Constitution (1875) vested judicial power in the county courts. Also Section 36 of that Article provided in part: "In each county there shall be a county court, which shall be a court of record, and shall have jurisdiction

to transact all county and such other business as may be prescribed by law. . . . "

But this has now been changed. Under the new Constitution (1945) judicial power is no longer vested in county courts. Article V, Section 1, omits county courts in enumerating the courts in which the judicial power of the state is now vested. Article VI of the new Constitution (1945) which concerns local governments, not courts, provides in part in Section 7 that [508] the county court "shall manage all county business as prescribed by law." Although that section provides that a county court shall "keep an accurate record of its proceedings", it did not carry over the old provision that a county court shall be "a court of record."

Thus, it is clear under the new Constitution (1945) county courts are no longer vested with judicial power, are not now "courts of record" and are not what we generally know as courts of law. "County courts are no longer courts in a juridical sense, but are ministerial bodies managing the county's business." State ex r. Kowats v. Arnold, 356 Mo. 661, 204 S. W. (2d) 254; Bradford v. Phelps County (Mo. Sup.) 210 S. W. (2d) 996, supra.

This case was filed after the new Constitution (1945) became effective on March 30, 1945. Section 2 of its schedule provides: "All laws inconsistent with this Constitution, unless sooner repealed or amended to conform with this Constitution, shall remain in full force and effect until July 1, 1946."

Since county courts are no longer vested with judicial power, their right to exercise such power in establishing a private road under Sections 8488-8501 ended on July 1, 1946 as those sections were inconsistent with the new Constitution (1945). Thereafter, county courts had no jurisdiction to entertain a proceeding or by their judgment to establish a private road.

This proceeding was filed in the county court on July 31, 1947. That court entered its judgment on August 7, 1947. This all occurred more than a year after July 1, 1946 when all laws inconsistent with the Constitution, including Sections 8488-8501, lost their force. An appeal to the circuit court was taken on August 7, 1947. There this case was tried anew, and final judgment was entered on March 6, 1948. From the time this case was filed in the county court up to final judgment on appeal in the circuit court there were no statutes in force providing the manner for taking private ways of necessity as required by the Constitution. The new Constitution (1945) in Article I, Section 28 reenacted the same provisions of the old Constitution (1875) found in Article II, Section 20. Under the new, as under the old, a private way of necessity can only be taken in the manner prescribed by law.

It may not be said the circuit court, in the absence of any effective statutory procedure, has common law jurisdiction to es-

tablish such a private way against the consent of the owner. The taking of private property for a private way of necessity was held to be a proceeding "against common law and common right." Cox v. Tipton, 18 Mo. App. 450; Welch v. Shipman, 357 Mo. 838, 210 S. W. (2d) 1008. So the circuit court on a trial anew had no juris-diction, either under the statutes or common law, to enter the judgment at the time it did so The fact the circuit court was sometime thereafter vested by the legislature with jurisdiction to do so can not make its judgment rendered theretofore valid. The later act has no retroactive effect.

The legislature reenacting Sections 8488-8501 gave the circuit courts jurisdiction to establish private roads in place of county courts. 1947 Laws, 344. But the reenactment, although carrying an emergency clause, did not become effective until May 5, 1948.

Section 5627 R. S. 1939, RSA, authorizing the Public Service Commission to govern the establishment of grade crossings of public roads over railroad tracks is not applicable here.

Under the circumstances the circuit court proceeded in this case without the statutory authority required by the Constitution, and its judgment must be reversed.

Accordingly, we order in Cause No. 40,857 the appeal be dismissed, and in Cause No. 40,946 the judgment be *reversed*. All concur.