253 S.W.2d 821 (1953)
TUCKER et al.
v.
MILLER et al.
No. 43009.
Supreme Court of Missouri, Division No. 2.
January 9, 1953.
*822 Sater & Monroe, Monett, for appellants.
Wm. H. Pinnell, Monett, M. J. McQueen and Emory Melton, Cassville, for respondents.
BOHLING, Commissioner.
The City of Exeter was incorporated as a city of the fourth class by the County Court of Barry County, Missouri, on December 31, 1946, upon a petition filed in said court. Thereafter, on May 9, 1950, at a special election the citizens authorized the issuance of $35,000 of bonds for a municipal waterworks system. On May 25, 1950, J. L. Tucker and several other resident-taxpaying citizens of said City filed this action in the Barry County Circuit Court against the Mayor and Board of Aldermen of said city for a declaratory judgment that the incorporation of said City of Exeter as a city of the fourth class was unconstitutional and void, and, on the theory said incorporation was void, to enjoin said defendants from issuing the bonds and levying taxes for said waterworks system. The cause was transferred to the Circuit Court of Greene County, Missouri, upon defendants' application. The plaintiffs appeal from an adverse judgment and decree.
Section 1 of Article V of the Constitution of Missouri for 1945 vests "The judicial power of the state" in certain named courts. County courts are not named. In this respect the section differs from the Constitution of 1875, Article 6, § 1.
It is the position of appellants that § 72.080[1], authorizing the incorporation of cities of the fourth class upon petition to the county court of the county in which the city is situated, requires the exercise of judicial power on the part of the county court, State ex rel. Blair v. Center Creek Min. Co., 262 Mo. 490, 502(III), 171 S.W. 356, 359[3]; In re City of Berkeley, Mo. App., 155 S.W.2d 138, 139[2], which power said § 1, Art. V, Mo.Const.1945, withheld from county courts, Rippeto v. Thompson, 358 Mo. 721, 216 S.W.2d 505, 508[5]; State ex rel. Lane v. Pankey, 359 Mo. 118, 221 S.W.2d 195, 196, and caused the provisions of § 72.080 and the action of the county court thereunder incorporating said City of Exeter to be unconstitutional and void for conflict with said constitutional provision; and, also, since there could be no de jure incorporation of a city by a county court, no de facto municipal corporation could exist by reason of a purported incorporation upon petition to a county court, Garden of Eden Drainage Dist. v. Bartlett Trust Co., 330 Mo. 554, 50 S.W.2d 627, 629[3, 4], 84 A.L.R. 1078, citing cases; Bradley v. Reppell, 133 Mo. 545, 554, 32 S.W. 645, 647, 54 Am.St.Rep. 685, Id., 133 Mo. 545, 34 S.W. 841, and plaintiffs as taxpayers may maintain this suit. Ranney v. Bader, 67 Mo. 476, 479, 480.
Respondents' position is that in incorporating the City of Exeter upon petition of a majority of the inhabitants under §, 72.080 the county court did not exercise judicial power in the sense said terms are used in § 1, Art. V, Mo.Const.1945; that such is necessarily the effect of the holding in In re City of Kinloch, Mo.Sup.1951, 242 S.W.2d 59, 62[1-16] and the authorities there reviewed, wherein it is ruled that county courts act as a legislative agency, and do not exercise "judicial power", in hearing and determining facts upon which the legislative will, expressed in statutes, is to be effectuated in disincorporating a city; that the act of the County Court of Barry County is not void and the City of Exeter is a municipal corporation de jure or, if not, a corporation de facto, and that: appellants' case should be dismissed as appellants may not collaterally attack the corporate existence of the City of Exeter as they are attempting to do in the instant proceeding. Kayser v. Trustees of Bremen, 16 Mo. 88, 90(1); Black v. Early, 208 Mo. 281, 304, 106 S.W. 1014, 1020, reviewing cases; School Dist. No. 35 v. Hodgins, 180 Mo. 70, 78, 79, 79 S.W. 148, 151, among others. See Spiking School Dist. v. Purported Enlarged School Dist., Mo.Sup., 245 S.W.2d 13, 21.
*823 The review is to this court by reason of the constitutional issue presented in the trial court and kept alive in this court.
Respondents, on September 2, 1952, after due notice to the appellants, filed a motion to dismiss on the ground appellants' appeal was prematurely taken and did not vest the appellate court with jurisdiction over the appeal. Appellants, although they filed their brief on the merits, have filed no suggestions and make no claim that their appeal is effective.
The judgment in the instant case was entered on September 17, 1951. The motion for new trial was filed on September 24, 1951, within the ten days allowed therefor by § 510.340. There is no showing of record that the motion for new trial was acted upon by the trial court. It would stand denied by operation of law ninety days after its filing, to wit, on December 23, 1951, § 510.360, but six days prior thereto, to wit, on December 17, 1951, appellants filed a notice of appeal to the Supreme Court, and on the same day the clerk mailed copies of said notice to the respondents and to the clerk of this court, together with the docket fee § 512.050.
The spirit of the new code, § 506.010, and our rules, Rules 1.15 and 1.28-352 Mo. appendix xiv, is to dispose of cases on their merits, and for an appeal to ride off on a question short of the merits is a matter of solicitude. The right of appeal, in actions at law, did not exist at common law. It has been conferred solely by statute. Appellate courts have no inherent authority over appeals and where the statute does not give the right, it does not exist. 4 C.J.S., Appeal and Error, §§ 8, 18, pp. 66, 81; 2 Am.Jur. 844, §§ 3, 5, 6; Boyd v. Logan Jones Dry Goods Co., 335 Mo. 947, 74 S.W.2d 598, 599[2]; Ferguson v. Board of Equalization of Madison County, 350 Mo. 122, 164 S.W.2d 925, 927[3]; Johnston v. Johnston, Mo.Sup., 16 S.W.2d 91, 92[2].
So far as material to the instant case, the statute authorizes an appeal "from any final judgment in the case" § 512.020; that is, from "the final determination of the right of the parties in the action," § 511.020, which determination ordinarily disposes of all the parties and all the issues in the case. Bennett v. Wood, Mo.Sup., 239 S.W.2d 325, 327[3], citing authority.
The entry of the judgment is to be made as of the day of the verdict, § 510.340, or the day of its rendition by the court in trials without a jury, § 510.310; Woods v. Cantrell, 356 Mo. 194, 201 S.W.2d 311, 316[6]. The judgment is not then a final determination of the rights of the parties. The statutes permit a motion for new trial to be filed not later than ten days after the entry of the judgment, and if timely filed as in the instant case, "the judgment is not final until disposition of the motion", § 510.340, and if "not passed on within ninety days after the motion is filed, it is deemed denied for all purposes", § 510.360. We have said: "So long as the motion for new trial was pending undetermined, the judgment was not final and appealable." Weller v. Hayes Truck Lines, Inc., 355 Mo. 695, 197 S.W.2d 657, 660[6]. And: "Defendants' motion for a new trial not having been passed on in 90 days, the judgment became final December 23rd on the lapse of the 90 days after filing motion for a new trial on September 24th." Woods v. Cantrell, 356 Mo. 194, 201 S.W. 2d 311, 314[1]. Not determinative here is the statutory provision authorizing "the court of its own initiative" to order a new trial not later than thirty days after the entry of judgment. § 510.370.
Section 512.050, relating to notices of appeal, provides: "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." However, under § 512.060, if the ordinary notice of appeal from a final judgment is not timely filed with the clerk of the trial court as provided in § 512.050, the party seeking a reversal of such final judgment may secure permission to file a notice of appeal in the trial court "within six months from the date of such final judgment" under a special order of the appropriate appellate court upon proper motion, notice, and showing. This allows six months after a judgment becomes final and appealable in which to investigate and procure the special order mentioned in § 512.060 if a notice of appeal therefore filed *824 does not come within the statutes and rules of the court.
The code also expressly provides that courts "may not enlarge the period for filing a motion for or granting a new trial, or for commencing an action or taking an appeal as provided by this code." § 506.060-2(2).
Our Rule 3.24 clarifies the statutory provisions and provides: "For the purpose of ascertaining the time within which an appeal must be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, except when a timely motion for new trial is filed, in which event the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is passed on at an earlier date, then at the date of disposition of said motion. * *" The rule is in harmony with the statutory provisions governing final judgments and appeals.
The instant issue is not frequently presented. In Christenson v. Christenson, Mo.App., 190 S.W.2d 568[1], the appellant filed a motion for new trial and also a notice of appeal on the day the judgment was rendered. The motion for new trial was not disposed of until some time later. The court, raising the issue sua sponte, dismissed the appeal because prematurely taken. For somewhat similar rulings under our former code see Thomas v. Thomas, 64 Mo. 353; Holland v. Marshall, Mo. App., 181 S.W. 124. The filing of a notice of appeal too late is cause for dismissal. Woods v. Cantrell, 356 Mo. 194, 201 S.W. 2d 311, 314[2] (five days); Gockel v. Jenkins, Mo.App., 210 S.W.2d 691 (two days); Hynes v. Risch, Mo.App., 243 S.W. 2d 116; Krummel v. Hintz, Mo.App., 222 S.W.2d 574, 579; Bank of Thayer v. Kuebler, 240 Mo.App. 776, 219 S.W.2d 297, 299.
The legislative intent, gathered from the statutory provisions, was for judgments to remain in fiere for ninety days after the filing of a timely motion for new trial if the court desires that time to consider the motion, and did not intend to place with counsel the time for filing notices of appeal. Courts should not suspend or modify the statutes, and are expressly prohibited from enlarging the period for "taking an appeal as provided by this code." § 506.060-2(2); McPike v. St. Louis Union County Bank, Mo.App., 193 S.W.2d 961; and Mo.App., 193 S.W.2d 962. This is not a case where the notice of appeal was refiled within ten days after or wherein a special order for filing the notice of appeal was obtained within six months after the judgment became final and appealable. There is nothing of record upon which we may base a statement that the trial court recognized appellants' notice of appeal as timely filed. Consult Lee's Summit Bldg. & L. Ass'n v. Cross, 345 Mo. 501, 134 S.W.2d 19, 22-24; Luckenbach Steamship Co. v. United States, 272 U.S. 533, 535, 47 S.Ct. 186, 71 L.Ed. 394. Under the statutes appellants' notice of appeal was prematurely filed.
The appeal is dismissed.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the Court.
All concur.
NOTES
[1] Statutory references are to RSMo 1949, and V.A.M.S.