COUNTY OF GREENE, Appellant,

v.

John Q. HAMMONS, and His Wife Juanita Hammons, and Lee McLean, Jr., and His Wife Martha Y. McLean, Respondents.

No. 50731.

Supreme Court of Missouri,

Division No. 2.

May 10, 1965.

Don E. Burrell, Pros. Atty., and David P. Anderson, Asst. Pros. Atty., Springfield, Mo., for appellant.

John B. Newberry, Springfield, for respondents.

STORCKMAN, Judge.

This proceeding was instituted by Greene County, Missouri, to condemn a portion of defendants' land for roadway purposes pursuant to the provisions of § 228.180, RSMo 1959, V.A.M.S. The defendants' contention in the trial court and here is that § 228.180 has been repealed directly or by implication and if not the statute is invalid in that it is in violation of the Missouri Constitution and the Civil Rules of this court relating to practice and procedure in condemnation cases. The County of Greene will generally be referred to as the plaintiff or the County and John Q. Hammons and Lee McLean, Jr., and their wives as the defendants or the landowners.

The trial in the Circuit Court of Greene County resulted in a verdict and judgment for the defendants in the sum of $2,000. The defendants' aftertrial motion for judgment of dismissal was sustained and the plaintiff appealed. The Supreme Court has jurisdiction because Greene County, a political subdivision of the state, is a party, and constitutional questions are involved. Art. 5, § 3, Constitution of Missouri 1945, V.A.M.S.; Taney County v. Addington, Mo.App., 296 S.W.2d 129 [2], and Mo., 304 S.W.2d 842 [1].

The transcript of the record on appeal reveals that the first document filed with the clerk of the Circuit Court of Greene County was a record of prior proceedings in the County Court of Greene County which resulted in the publication of a newspaper "notice of condemnation of land by the Greene County Court for road purposes under Section 228.180 RSMo., 1959." The order further recites that the defendants filed a claim for damages in the amount of $14,750 for the taking of their land, that the county court set a date for the defendants "to present their claim for damages", that counsel informed the county court that the defendant would not offer evidence or be present at the hearing, and, it being apparent to the county court that the landowners and the court could not agree on the

amount of damages, the county court "makes this order" reciting the facts and proceedings, and orders the county clerk to transmit to the Circuit Court of Greene County "a transcription of the record and the original files in this cause." The document filed concludes with the statement that the County Court of Greene County "by this order requests that the Circuit Judge of Greene County to make an order setting this cause for hearing within thirty days and cause to be impaneled a jury of six freeholders to view the land and hear evidence to determine the question of damages and thereafter that the Circuit Judge order conveyance of said land to Greene County." No pleading other than a motion to dismiss was filed in the circuit court. A jury of six freeholders viewed the property, heard evidence, and returned the verdict.

The appellant County asserts that the determinative issue on this appeal is whether or not the County had the right to condemn the defendants' land for public road purposes in the manner provided by § 228.-180. The respondents landowners assert that § 228.180 has been repealed at least impliedly by § 49.300, a later enactment by the general assembly covering the same subject matter, and further that § 228.180 is invalid as being in conflict with provisions of the 1945 Constitution of Missouri and with Civil Rule 86, V.A.M.R., relating to the procedure to be followed in condemnation cases.

Our first concern is to determine the legislative intent as expressed in the relevant statutes. The statutes which now constitute Chapter 228, including § 228.180, had their beginning in 1917. Laws 1917, p. 442. The 1875 Constitution, Art. 6, § 36, in force at that time, designated a county court as a "court of record" and the county courts were authorized by law to perform judicial functions in connection with the establishing of public roads. See §§ 8473–8487, Revised Statutes of Missouri 1939. The 1945 Constitution, adopted February 27, 1945, divested county courts of judicial power and

limited their functions to the management of county business as prescribed by law. Art. 5, § 1, and Art. 6, § 7, and § 2 of the Schedule, Constitution of Missouri 1945; Rippeto v. Thompson, 358 Mo. 721, 216 S.W.2d 505, 508[5].

The enormous task of revising the Missouri statutes to avoid conflict with the new Constitution fell upon the Sixty-third General Assembly which was in session when the 1945 Constitution was adopted. Inconsistent laws could not remain in force beyond July 1, 1946. See § 2 of Schedule. One of the statutes enacted at that time is now § 49.300, RSMo 1959, V.A.M.S., which the defendants contend vests the circuit courts with exclusive jurisdiction of actions by counties to condemn land for public roads. See Laws 1945, p. 1469. This statute did not have its origin in the repeal of an existing law but was entirely new. The legislative title is: "AN ACT to provide a method for the condemnation of land or other property by county courts for roads or other public purposes."

Section 49.300 as presently constituted authorizes county courts to institute proceedings in the circuit court in the name of the county for the purpose of condemning land or other property "for roads, drainage systems, sites for a county courthouse, jail, poorhouse, infirmary or for any other public purpose whatsoever". The statute further provided that the proceedings in circuit court "shall be had in the manner and with the effect provided in chapter 523, RSMo, for the condemnation of property for public use." The enactment also refers to chapter 228, RSMo., and provides that petitioners as well as the county be made parties where the proposal is by petition and authorizes the circuit court to render judgment for damages and costs against the county or others. The new statute approved April 17, 1946, was codified as § 2518.1, Mo.R.S.A., under "County Courts—Powers In General", and is now in chapter 49, RSMo., entitled, "County Courts And County Buildings".

This was the status of the law when State ex rel. Lane v. Pankey, 359 Mo. 118, 221 S.W.2d 195, was decided by this court en banc on May 13, 1949. The landowners in the Pankey case sought to prohibit the members of the County Court of Linn County from exercising jurisdiction in a condemnation proceeding pending in the county court pursuant to "Sections 8473 to 8478, both inclusive", of the 1939 statutes. The opinion reviews Rippeto v. Thompson, 358 Mo. 721, 216 S.W.2d 505, and other cases and states: "The new Constitution, as construed in the Rippeto case and as we now construe it, invalidates no provision of existing statutes relating to the authority of county courts over public roads except such as purport to authorize the county court to exercise judicial power. A county court can no longer adjudge the compensation to be paid for lands to be taken for road purposes nor render judgment divesting title from the owners thereof." 221 S.W.2d 196. Further the opinion states that, "if land owners are unwilling or unable to convey, the necessary right-of-way can be acquired only by condemnation proceedings in a tribunal having the necessary jurisdiction." 221 S.W.2d 197. It points out that under existing statutes the county court was authorized to institute such proceedings in the circuit court and the method was provided. The rule made permanent by the supreme court prohibited the County Court of Linn County from rendering a judgment or purporting to divest relators of their title or taking possession of their lands until title had been acquired by voluntary conveyance or by a valid condemnation judgment.

If there was ever any doubt about the legislative intention as expressed in § 49.300, it has been entirely dissipated by the new section, 228.100, enacted by the general assembly in session when the Pankey case was decided. Six sections including 8476, 8477, and 8478 of the 1939 statutes were repealed, and the statutes enacted in lieu thereof include what is now § 228.100, RS Mo 1959, V.A.M.S. Laws 1949, pp. 551, 553, § 8476. Section 228.100 provides that, if the right of way for a proposed road cannot be obtained by voluntary conveyance, and if "it further appears to the county court that the proposed road is of such great public utility as to warrant its establishment, the county court shall order the road established and shall direct the prosecuting attorney of the county to institute proceedings in the name of the county in the circuit court for the purpose of condemning such lands. Such proceedings shall be instituted and conducted by said prosecuting attorney under the provisions of chapter 523, RSMo." The legislative intent is further apparent from the Emergency Clause appearing in Laws 1949, p. 554, § 2: "Whereas the adoption of the Constitution of 1945 has placed a grave doubt upon the constitutionality of the present statutory procedure relating to the establishment and vacation of public roads, and because the establishment and vacation of such roads are of vital importance to the citizens of this state, this act is necessary for the immediate preservation of the public peace, health, and safety, and an emergency exists within the meaning of the Constitution. This act therefore shall be in full force and effect from and after its passage and approval."

■ The County points out that § 228.180 has not been expressly repealed and infers that §§ 49.300 and 228.180 offer alternative methods by which a county court may condemn property for public roads. This construction would not remove the "grave doubt" as the general assembly was seeking to do as shown by its own declaration. There is much of an administrative nature in § 228.180 which remains effective and binding on county courts preliminary to the rendition of a condemnation judgment and the ascertainment of damages if the landowners are incapable or unwilling to convey the property or to agree upon damages. On the other hand, any part or parts of § 228.180 which purport to authorize county courts to perform judicial acts in connection with the acquisition of property for public

road purposes are in violation of the 1945 Constitution of Missouri and have no legal standing. Sections 49.300 and 228.100 are later acts and at least in combination indicate a legislative intent to cover the entire subject of the judicial phases of condemnation proceedings by county courts and, therefore, they supersede and by implication repeal contrary provisions in § 228.180. Pogue v. Swink, 364 Mo. 306, 261 S.W.2d 40, 43–44 [5]; Young v. Greene County, 342 Mo. 1105, 119 S.W.2d 369, 374 [7].

 We hold that the circuit courts have exclusive jurisdiction of condemnation proceedings arising under chapter 228 of the statutes and such proceedings must be instituted and conducted pursuant to the provisions of chapter 523. Sections 49.300 and 228.100, RSMo 1959, V.A.M.S. Since there is no contention that there is any conflict between the procedures provided in chapter 523 and Civil Rule 86, nothing in that regard is presented for our determination.

The remaining contention of the appellant County is that § 228.180(5) is not unconstitutional because it provides for a jury of six persons rather than twelve. We do not reach the constitutional question because controlling provisions of chapter 523 require a jury of twelve. Section 523.060 provides that: "Any plaintiff or defendant, individual or corporate, shall have the right of trial by jury of twelve persons, if either party file exceptions to the award of commissioners in any condemnation case." This section, originally enacted as Laws 1943, p. 623, is of a general nature and is applicable to all condemnation cases triable under the provisions of chapter 523. The provision in § 228.180(5) for a jury of six persons is superseded by the requirements of §§ 49.300 and 228.100 that county condemnation actions be instituted and tried in accordance with the provisions of chapter 523.

We have examined all relevant questions presented by the appellant County and find them untenable. The circuit court did not err in sustaining the respondents' aftertrial motion and dismissing the proceedings. Accordingly the judgment is affirmed.

All of the Judges concur.